FILED
2021 May-25  AM 09:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| HOLLY LEANNE FRANTZEN, an individual, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | ) **JURY TRIAL REQUESTED** |
| FEDERAL CORRECTIONAL | ) |
| INSTITUTION, ALICEVILLE A/K/A | ) |
| FCI-ALICEVILLE, a prison; FEDERAL | ) |
| BUREAU OF PRISONS, an agency; | ) |
| SEVEN CORNERS, INC., a company; | ) |
| SHARON STEGALL BAILEY, an | ) |
| an individual; NURSE E. KNOPP, an | ) |
| individual; NURSE C. POTTER, an | ) |
| individual; NURSE ELI, an individual, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **C O M P L A I N T**

COMES NOW the Plaintiff, HOLLY LEANNE FRANTZEN with her claims against the Defendants, as follows:

## **PARTIES /VENUE**

1.    Plaintiff, HOLLY LEANNE FRANTZEN, is over the age of nineteen (19) years old and resides at FMC Carswell in Fort Worth, Texas. She has exhausted her administrative remedies before instituting this civil

suit.

2.    Defendant, FEDERAL CORRECTIONAL INSTITUTION, ALICEVILLE A/K/A FCI-ALICEVILLE (hereinafter "FCI-Aliceville"), is the prison at which HOLLY LEANNE FRANTZEN was incarcerated in May and June 2019.  Also, FCI-Aliceville was the entity at which she received medical care that fell below the standard of care and was in violation of her constitutional rights.  Said prison is located in Pickens County, Alabama in the City of Aliceville at the address of 11070 Alabama Highway 14, zip code 35442.  Further, said prison was became operational in 2013.

3.    Defendant, FEDERAL BUREAU OF PRISONS (hereinafter "BOP"), upon information, is the agency responsible for the operation of FCI-Aliceville.  The BOP was established by the United States Congress in 1934 within the United States Department of Justice.  The United States Congress "charged the agency with the 'management and regulation of all Federal penal and correctional institutions.'"[1] FCI-Aliceville is one of those correctional institutions.

4.    Defendant, SEVEN CORNERS, INC., a foreign entity, with its headquarters in the State of Indiana, was contracted by the BOP to

provide medical services at FCI-Aliceville, during the time HOLLY LEANNE FRANTZEN was as a prisoner at FCI-Aliceville. SEVEN CORNERS, INC. served as the "Comprehensive Medical Services contractor" for the BOP at FCI-Aliceville.[2]

5.     Defendants SHARON STEGALL BAILEY (hereinafter "BAILEY"), NURSE E. KNOPP (hereinafter "KNOPP"), NURSE C. POTTER (hereinafter "POTTER"), and NURSE ELI (hereinafter "ELI"), upon information and belief, did provide or failed to properly supervise medical care to HOLLY LEANNE FRANTZEN that fell below or was below the standard of care as described herein. BAILEY, KNOPP, POTTER and ELI all worked at FCI-Aliceville in May and June 2019.

6.     Plaintiff avers that the matter in controversy exceeds seventy-five thousand dollars ($75,000.00).

---

[1] *See* https://www.bop.gov/about/history/ as of May 24, 2021.
[2] *See* https://pcherald.com/node/107 as of May 24, 2021.

**JURISDICTION:**

7.   Jurisdiction is found under the provision of 28 U.S.C. § 1331 in that a claim arises under federal law and that the United States Government, through its Bureau of Prisons and FCI-Aliceville, is a defendant. Also, Jurisdiction is founded under the provisions of 28 U.S.C. § 1332(a) *et seq.*, which grants this Court jurisdiction in civil actions on the basis of diversity of citizenship where the matter in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

**STATEMENT OF FACTS**

8.   On or about May 22, 2019, HOLLY LEANNE FRANTZEN was administered the drug Effexor in a manner that was contraindicated and/or warned against by the drug manufacturer.   With deliberate indifference to HOLLY LEANNE FRANTZEN and/or in reckless, wanton, or a negligent manner, Defendants did administer the drug Effexor to HOLLY LEANNE FRANTZEN in a broken capsule form directly into an empty cup or a cup with water, which is contraindicated.   The package insert for this drug states "[e]ach

4

capsule should be swallowed whole with fluid **_and not divided, crushed, chewed, or placed in water_**…"[3]   Defendants, however, did exactly as they were warned not to do.

9.   Said Defendants did this for multiple days until the prescription ran out on or about May 30, 2019.  At said time, three days elapsed before Effexor was re-started on June 3, 2019.  This, also, is contraindicated, as the drug is not intended for drastic stops and starts with gaps without the medication being administered and/or without there being a tapering in the medication dosage.   Pursuant to the drug manufacturers package insert it states "[a] gradual reduction in the dose, rather than abrupt cessation, is recommended whenever possible."[4]

10.   On June 3, 2019, in the evening, the Defendants once again failed to follow the manufacturer's warnings in the administration of Effexor, giving HOLLY LEANNE FRANTZEN Effexor in a broken capsule form in a cup.  The next morning, on June 4, 2019, she awoke around 5:30 a.m., with her chest hurting, hot, and arms feeling funny before

---

[3] *See* https://www.accessdata.fda.gov/drugsatfda_docs/label/2017/020699s107lbl.pdf  as of May 24, 2021, p. 1.

[4] *See* https://www.accessdata.fda.gov/drugsatfda_docs/label/2017/020699s107lbl.pdf  as of May 24, 2021, p. 5.

5

becoming stiff and falling over.  She was diagnosed at DCH regional medical center with cardiac arrest, and she received medically inserted defibrillator.

11. The Defendants negligently, willfully, wantonly and/or with deliberate indifference provided medical care below the standard of care, failed to provide medical care that met the standard of care, and/or failed to follow drug manufacturer's warnings to the detriment of HOLLY LEANNE FRANTZEN, and proximately caused Plaintiff's injuries and damages as follows:

   a. Plaintiff HOLLY LEANNE FRANTZEN has suffered physical injuries and required medical treatments;

   b. Plaintiff HOLLY LEANNE FRANTZEN has suffered physical pain and suffering;

   c. Plaintiff HOLLY LEANNE FRANTZEN has suffered mental anguish;

   d. Plaintiff HOLLY LEANNE FRANTZEN has suffered a permanent injury;

   e. Plaintiff HOLLY LEANNE FRANTZEN will incur future medical expenses in and about an effort to treat her injuries;

   f. Plaintiff HOLLY LEANNE FRANTZEN has suffered an

6

impairment in her earnings potential and/or loss of future income or future earning capacity.

## COUNT ONE
## NEGLIGENT/WANTON CONDUCT
### (Against Defendants )

12.    Plaintiffs adopt and incorporate by reference all allegations of the preceding paragraphs herein.

13.    At the aforesaid time and place and for some time prior thereto, Defendants' care for HOLLY LEANNE FRANTZEN fell below the applicable standard of care and they negligently and/or wantonly caused the injuries herein with Plaintiff.

14.    Said conduct was the proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT TWO
### *PRIMA FACIE* AND/OR *PER SE* NEGLIGENT CONDUCT
### (Against Defendants)

15.     Plaintiff adopt and incorporate by reference all allegations of the preceding paragraphs herein.

16.     At the aforesaid time and place and for some time prior thereto, Defendants' care for HOLLY LEANNE FRANTZEN fell below the applicable standard of care and they negligently and/or wantonly caused the injuries herein with Plaintiff.

17.     As a result of this conduct, Defendant violated the Alabama Code (e.g., ALA. CODE 1975, § 32-21-2, and thus Ala. Admin. Code r. 610-x-6-.0-7).

18.     Said conduct was the proximate cause of Plaintiff's injuries and damages, and is *prima facia* and/or *per se* negligence.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding

8

**COUNT THREE**
**NEGLIGENT AND/OR WANTON SUPERVISION OR TRAINING**
**(Against all Defendants)**

19.     Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1- 18 and incorporates them by reference herein.

20.     Defendants negligently and/or wantonly failed to supervise and/or train their employees, staff or professionals, in particular BAILEY, KNOPP, POTTER, and ELI.

21.     Defendants negligent and/or wanton failure included, but was not limited to, the failure to train their employees, staff or professionals, in particular BAILEY, KNOPP, POTTER, and ELI.

22.     Defendant served as the employer and/or master of their employees, staff or professionals, in particular BAILEY, KNOPP, POTTER, and ELI, who negligently, willfully, wantonly and/or with deliberate indifference failed to follow the manufacturer's warnings for the drug Effexor.

23.     Such conduct was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff for the damages and injuries she sustained,

9

together with interest from the date of the incident and the costs of the proceeding.

## COUNT FOUR
## NEGLIGENT AND/OR WANTON RETENTION
### (Against all Defendants)

24.    Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1-23 and incorporates them by reference herein.

25.    Defendants negligently and/or wantonly retained their employees, staff or professionals, such as BAILEY, KNOPP, POTTER, and ELI.

26.    Defendant's employee, staff or professional was an unfit employee, in particular, BAILEY, KNOPP, POTTER, and ELI, but Defendants continued to employ and/or request the services of said employees, staff or professionals.

27.    Such conduct was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

10

## COUNT FIVE
## NEGLIGENT AND/OR WANTON HIRING
### (Against all Defendants)

28.     Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1-27 and incorporates them by reference herein.

29.     Defendants negligently and/or wantonly hired and/or contracted with their employees, staff or professionals, in particular, BAILEY, KNOPP, POTTER, and ELI, by failing to ensure that they were qualified and/or otherwise fit to occupy the position (i.e., carry out the responsibilities) for which they were charged or re-hiring them after experiencing problems during previous employment.

30.     Defendants negligently and/or wantonly disregarded the consequences of such failure to hire and/or contract with a qualified employees, staff or professionals, in particular, BAILEY, KNOPP, POTTER, and ELI.

31.     Such conduct was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

**COUNT SIX**
**VICARIOUS LIABILITY**
**(Against all Defendants)**

32.    Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1-31 and incorporates them by reference herein.

33.    Defendants served as the employer and/or master of their employee, staff or professional.

34.    Defendants' employees, staff and/or professionals were in the line and scope of employment in May and June 2019 at the time of the incidents described herein.

35.    Furthermore, negligent and/or wanton acts of Defendants' employees, staff or professionals committed in May and June 2019 were ratified by Defendants.

36.    Defendants are vicariously liable for the acts of their employees, staff or professionals.

37.    Such conduct was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff for the damages and injuries she sustained,

12

together with interest from the date of the incident and the costs of the proceeding.

## COUNT SEVEN
## MEDICAL NEGLIGENCE AND/OR WANTONNESS
### (Against all Defendants)

38.     Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1 – 37 and incorporates them by reference herein.

39.     Defendants provided medical care wherein HOLLY LEANNE FRANTZEN was a prisoner.

40.     Defendants' employees, staff, or medical professionals knew and/or in the exercise of reasonable care had reason to know that HOLLY LEANNE FRANTZEN needed to be treated and cared for properly.

41.     Defendants' employees, staff or medical professionals, however, did not properly treat and care for HOLLY LEANNE FRANTZEN.

42.     Defendants had a legal duty to possess and exercise that same degree of care, skill and diligence commonly possessed and exercised by the same or similarly situated medical centers practicing medicine within the national medical community under the same facts and circumstances as set out above as well as to those requirements established by state and federal law.  Defendants owed the following, but not limited to the following, duties of care to HOLLY LEANNE FRANTZEN;

13

a)  To timely and properly treat and care for HOLLY LEANNE FRANTZEN;

b)  To provide employees, staff, and/or medical professionals trained in the proper manner to care for and treat patients;

c)  To properly monitor the actions of employees, staff, and/or medical professionals;

d)  To employ personnel, staff and/or medical professionals who understand proper procedures to be followed when attempting to give care and assistance to a resident;

e)  To provide adequate staffing, so that HOLLY LEANNE FRANTZEN receive appropriate care and treatment;

f)  To properly and routinely assess and/or evaluate the needs of HOLLY LEANNE FRANTZEN and to provide appropriate care and treatment to meet those needs;

g)  To properly assess HOLLY LEANNE FRANTZEN's needs;

h)  To follow standing orders;

i)  To assess and observe HOLLY LEANNE FRANTZEN;

j)  To report and investigate physical symptoms and/or problems;

k)  To timely call a doctor;

l)  To follow the drug manufacturer's instructions pertaining to the administration of the drug Effexor to HOLLY LEANNE FRANTZEN;

m)  To provide nurses and/or staff who are properly trained and are competent in administering care and treatment to prisoner's in a proper and timely manner;

n)  To properly address physical symptoms and/or problems;

14

o)   To properly and timely assess HOLLY LEANNE FRANTZEN; and

p)   Administering Effexor as ordered by the doctor and/or the drug manufacturer's package insert.

43.   Defendants, negligently or wantonly, and/or with deliberate indifference breached the standard of care for similarly situated healthcare providers by the following, but not limited to the following, actions or inactions:

a)   Failing to timely and properly treat and care for HOLLY LEANNE FRANTZEN;

b)   Failing to provide employees, staff, and/or medical professionals trained in the proper manner to care for and treat patients;

c)   Failing to properly monitor the actions of employees, staff, and/or medical professionals;

d)   Failing to employ personnel, staff and/or medical professionals who understand proper procedures to be followed when attempting to give care and assistance to a prisoner;

e)   Failing to provide adequate staffing, so that HOLLY LEANNE FRANTZEN receive appropriate care and treatment;

f)   Failing to properly and routinely assess and/or evaluate the needs of HOLLY LEANNE FRANTZEN and to provide appropriate care and treatment to meet those needs;

h)   Failing to properly assess HOLLY LEANNE FRANTZEN's needs;

m)   Failing to assess and observe HOLLY LEANNE FRANTZEN;

o)   Failing to report and investigate physical symptoms and/or problems;

p)   Failing to timely call a doctor;

15

q) Failing to administer medications pursuant to the drug manufactuer's instructions;

t) Failing to provide nurses and/or staff who are properly trained and are competent in administering care and treatment to and assessing prisoners in a proper and timely manner;

u) Failing to implement policies and procedures and/or train nurses and/or nursing assistants on the proper way to assess, address, care for, treat, and/or administer medications to a prisoner;

v) Failing to implement or follow policies and procedures and/or train nurses and/or nursing staff in providing care and/or assessment to someone such as HOLLY LEANNE FRANTZEN;

w) Failing to properly address physical symptoms and/or problems; and

x) Failing to administer Effexor as ordered by the doctor and/or the drug manufacturer's package insert.

44. As a direct result of the above-described negligent or wanton actions and/or inactions of the Defendants, both named and unnamed, Plaintiff HOLLY LEANNE FRANTZEN was caused injury.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT EIGHT
## COMBINED AND CONCURRING NEGLIGENCE AND/OR WANTONNESS
## (Against all Defendants)

45.     Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1 - 44 and incorporate them by reference herein.

46.     The Defendants' negligence and/or wantonness, as described in Count SEVEN, as well as described in the remainder of the Complaint and any amendments thereto, combined and concurred, and as a proximate result of the same, Plaintiff, HOLLY LEANNE FRANTZEN was caused injury.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff for the damages and injuries she sustained, together with interest from the date of the incident and the costs of the proceeding.

## COUNT NINE
## VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983
## (Against all Defendants)

47.     Plaintiff incorporates herein by reference the allegations contained in the preceding paragraphs.

17

48.    Upon information and belief, Defendants, acting under color of state law, violated HOLLY LEANNE FRANTZEN's Fourteenth Amendment right to due process.

49.    Defendants acted with deliberate indifference toward the serious medical needs of HOLLY LEANNE FRANTZEN while a prisoner at FCI-Aliceville.  This includes ignoring the drug manufacturer's warnings regarding the administration of the drug Effexor, as already described in detail *supra.*

50.    Defendants knew, or should have known, that administering Effexor contrary to the drug manufacture's warnings would probably cause HOLLY LEANNE FRANTZEN serious injury, yet with deliberate indifference, they failed to heed to warnings provided by the drug manufacture and known to them, and improperly administered the drug Effexor to HOLLY LEANNE FRANTZEN.

51.    Defendants knew, or should have known, that their deliberate indifference to HOLLY LEANNE FRANTZEN's  medical needs, would pose a substantial risk of serious harm to her  physical well-being.

52.    Defendants violated HOLLY LEANNE FRANTZEN's Fourteenth Amendment rights by failing to administer the drug Effexor pursuant to the drug manufacture's warnings.

53.    Defendants are responsible for the unconstitutional customs and policies described herein.   The suffering and injury to HOLLY LEANNE

FRANTZEN was a direct and foreseeable result of these customs and policies. Defendants deprived HOLLY LEANNE FRANTZEN of her rights as a prisoner under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

/s/ Greg W. Foster
GREG W. FOSTER (FOS-024)
One of the Attorneys for the Plaintiff

OF COUNSEL:

FOSTER LAW FIRM, P.C.
4220 Cahaba Heights Court, Suite 206
Vestavia Hills, AL  35243-5733
Tel. (205) 259-1678
Fax  (888) 519-3341
Email:  greg@fosterlawnow.com

Martin E. Weinberg, Esq.
MARTIN EVAN WEINBERG, P.C.
PO Box 154
Shannon, AL  35142-0154

19

/s/ Greg W. Foster
Of Counsel


**PLEASE SERVE THE FOLLOWING DEFENDANTS VIA U.S. CERTIFIED MAIL WITH SUMMONS AND COMPLAINT:**

FEDERAL CORRECTIONAL INSTITUTION A/K/A FCI-ALICEVILLE
11070 Alabama Highway 14
Aliceville, AL  35442

FEDERAL BUREAU OF PRISONS
320 First Street, NW
Washington, D.C.  20534

SEVEN CORNERS, INC.
c/o National Registered Agents Inc
2 North Jackson Street, Suite 605
Montgomery, AL  36104

SHARON STEGALL BAILEY
11070 Alabama Highway 14
Aliceville, AL  35442

NURSE, C. POTTER
11070 Alabama Highway 14
Aliceville, AL  35442

NURSE, E. KNOPP
11070 Alabama Highway 14
Aliceville, AL  35442

NURSE ELI
11070 Alabama Highway 14
Aliceville, AL  35442

20